IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Rev. Edward Allen Buck,<br><br>            Plaintiff,<br><br>       vs.<br><br>State of Utah Judicial Conduct Commission, et al.,<br><br>            Defendants. | **MEMORANDUM DECISION AND REPORT AND RECOMMENDATION**<br><br>Case No: 2:08-cv-581 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

   Rev. Edward Allen Buck has filed a civil rights complaint in this court naming the Utah Judicial Conduct Commission and all of its individual members as defendants.  Buck states that his "action arises under Title 42 U.S.C. 1986"[1] and complains that the Judicial Conduct Commission (Commission) dismissed without a hearing his complaint against Utah Third District Juvenile Court Judge Oddone.  Buck's grievances against Oddone, which Buck says the Commission did not properly consider, arise out of Oddone's actions in a case in Utah State Third District Juvenile Court.

   Buck was granted leave to proceed in this court *in forma pauperis*.[2]  Section 1915 of Title 28 of the United States Code sets forth certain rules for proceeding *in forma pauperis*. Section 1915(e)(2) provides:

>    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

---

[1] Complaint at 1, docket no. 3, filed 8/5/08.

[2] Order, docket no. 2, filed 8/5/08.

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal–
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

After carefully reviewing the entire complaint, the court finds that this complaint is frivolous and fails to state a claim on which relief may be granted. Because Buck cannot amend his *pro se* complaint to overcome the infirmities, the court also finds that this action should be dismissed with prejudice.

Although Buck's complaint contains a long list of what he perceives as wrongful conduct by Judge Oddone during proceedings in which Buck was not a party, Buck fails to state how the Commission's dismissal of his complaint violates any of his civil rights. It is not entirely clear, but it appears that Buck asserts that the Commission's failure to hold a hearing on his complaint somehow violated his rights under 42 U.S.C. § 1986.[3] He argues that the Commission "did 'willfully, intentionally, maliciously, and in conspiracy' choose to ignore and violate State of Utah Code Section Article VIII, Section 13 [which states] 'A Judicial Conduct Commission is established which shall investigate and **conduct confidential hearings** regarding complaints again any justice or judge.['"][4] The constitutional provision authorizes the Commission to hold hearings, but nothing in the constitutional provision requires a hearing for each complaint.

---

[3]Complaint at 9-10.

[4]*Id*. at 9. Buck cites to the Utah Code for this quoted material on establishing the Judge Conduct Commission. However, that statement comes directly from the Utah Constitution. *See* Utah Const. art. VIII, § 13.

The constitutional provision establishing the Commission provides that its procedures are governed by statute.[5] While the governing statutes[6] authorize the Commission to hold hearings, hearings are not mandatory. The two statutes referring to hearings before the Commission do so in permissive, not mandatory language:

- During the course of any investigation, the commission may order a hearing to be held . . . .[7]
- A hearing may be conducted before a quorum of the commission.[8]

Because there is no requirement of a hearing, Buck's allegation that the Commission conspired to violate the Utah Constitution and state laws in order to cause him harm is frivolous.

---

[5] Utah Const. art. VIII, § 13.

[6] *See* Utah Code Ann. §§ 78A-11-101 to -113.

[7] Utah Code Ann. § 78A-11-109(3).

[8] Utah Code Ann. § 78A-11-110(1)(a).

## RECOMMENDATION

Buck's complaint is frivolous and fails to state a claim upon which relief may be granted. Therefore, it is recommended that the complaint be dismissed under 28 U.S.C. 1915(e)(2)(B)(i) and (ii).  The absence of any obligation for the Utah Judicial Conduct Commission to hold a hearing makes leave to amend be futile, so the complaint should be dismissed with prejudice.[9]

February 13, 2009.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[9] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).